STAFFON *v.* LYON.

LIMITATION OF ACTIONS—CONTRACT FOR PUBLIC BUILDING—FAIL-
URE TO REQUIRE BOND OF CONTRACTOR—LIABILITY TO MATERIAL
MEN.

> The statute of limitations begins to run in favor of school offi-
> cers who, by reason of their failure to require the statutory
> bond of a contractor for the erection of a school building, have
> become personally liable to material men, as to each install-
> ment of material furnished, immediately upon payment be-
> coming due from the contractor for such installment, and his
> default in such payment.

Error to Mason; McMahon, J. Submitted June 20,
1896. Decided July 21, 1896.

Case by Jacob Staffon against Thomas R. Lyon and
others for failure to require the statutory bond of a con-
tractor for the construction of a school-house. From a
judgment in his favor for less than the amount claimed,
plaintiff brings error. Affirmed.

The facts in this case are stated in 104 Mich. 249, and
need not be here repeated. Upon the second trial the
court instructed the jury that, if they found for the plain-
tiff, they could only find for such portions of the claim as
were not barred by the statute of limitations. The court
held that the negligence consisted in not taking the bond
when the contract was made between the school board
and Briggs, viz., November 10, 1885, but that no right of
action accrued so as to make the statute of limitations
applicable until plaintiff had furnished goods under his
contract with Briggs, and payments had become due
thereunder. This action was brought July 12, 1892. By
the terms of the contract, 80 per cent. of the brick
furnished by the plaintiff to Briggs before July 12, 1886,
became due before that date, and had, therefore, been

due more than six years before this suit was brought. Plaintiff insists that his right of action did not accrue until August 10, 1886, when he filed notice of lien, and notified the board of his claim.

*D. W. Reardon* (*John Galloway*, of counsel), for appellant.

*M. B. Danaher*, for appellees.

GRANT, J. (*after stating the facts*).   The instruction was correct.   His right of action against defendants accrued immediately upon default in payment by Briggs in accordance with the terms of his contract with Briggs, which were the same as the contract between Briggs and the school board, so far as payments were concerned. This action is based upon tort, not upon contract. Usually, in tort, the damage immediately follows the act, and the right of action accrues at once.   But in this case the negligence and the damage were not simultaneous, and there could be no right of action until the damage resulted.   The case is not like a running account, where the date of the last item controls.   Plaintiff could have sued Briggs for these installments immediately. Briggs was then insolvent.   The elements of plaintiff's cause of action were:  Briggs' insolvency, the failure to take the bond, and the delivery of the brick.   All these took place more than six years before suit was brought as to those installments which were excluded.   Neither notice nor demand was essential to the plaintiff's right of action.   Laborers and material men may, under the statute, sue these officers at any time when a debt is due from the contractor to them.   These rights do not depend upon the terms of the contract between the builder and the official board.   The liability of the defendants became fixed as each installment became due, and the statute of limitations then began to run.

Judgment affirmed.

The other Justices concurred.